# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUSWICK DIVISION

| | |
|---|---|
| TONY HENDRIX, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO: |
| | ) |
| vs. | ) |
| | ) |
| ELIXIR DOOR AND METALS COMPANY. | ) JURY TRIAL DEMAND |
| | ) |
| Defendant | ) |

## COMPLAINT

Plaintiff TONY HENDRIX("Hendrix" or "Plaintiff') files this Complaint against his employer, Elixir Door and Metals Company.("Elixir" or "Defendant") as follows:

### PARTIES, JURISDICTION AND VENUE

1.

This is a racial discrimination action based in Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. ("Title VIl") as amended by the Civil Rights act of 1991. In addition, Mr. Hendrix pleads any applicable state claim and a claim for attorney's fees and costs.

2.

The jurisdiction of this Court is invoked and venue is proper in this district, pursuant to 28 U.S.C.§§1331 and 1391 as Plaintiff Hendrix's claims are substantively based on Title VII.

3.

Defendant is an employer within the meaning of 42 U.S.C. SS 2000e(b).

4.

At all times relevant to this suit, the Defendant employed more than fifteen (15) employees and has been subject to Title VIl.

5.

This court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. 1367, as this matter involves state law claims.

## FACTUAL BACKGROUND

6.

Mr. Hendrix is an African American male. Mr. Hendrix timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on November 29, 2021( A copy is attached hereto) The EEOC issued a Notice of Right to Sue on September 28, 2022  ( A copy is attached hereto)

7.

Mr. Hendrix began his employment with Elixir as a truck driver on August 3, 2010.

8.

Mr. Hendrix was  terminated on June 10, 2021. Mr. Hendrix was allegedly terminated for receiving two(2) traffic tickets.  Pursuant to company policy, truckers that receive traffic violations customarily receive a two(2) day

suspension and additional training. Mr. Hendrix was not disciplined pursuant to company policy. Mr. Hendrix was not treated like similarly situated employees.

9.

Prior to Mr. Hendrix's termination, he had not been disciplined by the company.

10.

Landon Trent Chaney, white male received a traffic ticket and he was not suspended, terminated nor did he receive a written reprimand. Chaney was treated more favorably than Mr. Hendrix and other black employees. Chaney was afforded opportunities that Mr. Hendrix was not provided as a black employee. Chaney was allowed to run loads for compensation that Mr. Hendrix nor other black drivers received. Mr. Chaney was compensated in a manner that the black truck drivers did not receive.

11.

Mr. Hendrix did not have any disciplinary actions in his record at the time of his termination. In addition to the traffic ticket, Mr. Chaney violated the eleven(11) hour driving rule. Mr. Chaney was not disciplined nor terminated for receiving a traffic violation nor for driving in excess of 11 hours.

12.

Mr. Hendrix and other black employees were not allowed to pick the loads for their work schedule. Mr. Chaney and other white employees were allowed to pick their loads and schedules. Mr. Chaney and Mr. Hendrix were both supervised by Eric

McGouryk. Mr. McGouryk did not treat similarly situated black employees in the same manner that he supervised similarly situated white employees.

13.

At the time of his termination, Plaintiff was serving in his position as truck driver. At all times during his employment, he received regular pay increases and favorable evaluations. Plaintiff was qualified to perform the tasks of his position.

## **RACIAL DISCRIMINATION**

14.

Plaintiff incorporates by reference paragraphs 1 through 13 as if fully restated herein.

15.

Plaintiff was wrongfully terminated and believes that the Defendant's reasons for terminating Plaintiff were pretextual. Plaintiff was not counseled nor did he receive any progressive discipline prior to his termination. The policy and practice of Elixir was to suspend and offer training to employees that received traffic violations. Plaintiff was immediately terminated and the policy and practice was not afforded to Plaintiff.

16.

Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against the Plaintiff on the basis of his race. Plaintiff was terminated based on his race.

17.

Defendant terminated Mr. Hendrix based on his race as similarly situated white employees that have engaged in the same or more egregious offenses have not been terminated. Elixir also engaged in practices that gave similarly situated white employee's choice of load for their assignments and choice of schedules.

18.

The Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of the Defendant. The effect of Defendant's discrimination against Plaintiff is to deprive him of equal employment opportunities, including, but not limited to, causing the termination of his employment, and otherwise adversely affecting his status as an employee because of his race.

19.

As a result of the Defendants' conduct, the Plaintiff has suffered a loss of income, a loss of fringe benefits, a loss of seniority, and has incurred expenses in his search for replacement employment.

20..

The Plaintiff has exhausted the requisite administrative remedies and/or prerequisites for bringing the action herein.

21.

Defendant's actions were willful, intentional and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## **DISPARATE TREATMENT**

22

Plaintiff incorporates by reference paragraphs 1 through 21 as if fully restated herein.

23.

Plaintiff was terminated for conduct similar or identical to the conduct of his white, Caucasian counterparts also employed by Defendant who were not disciplined nor terminated for similar allegations of misconduct. Mr. Hendrix's white counterparts committed more egregious acts and were not harassed or threatened with termination.

24.

The action s and inaction of the Defendants in terminating Mr. Hendrix Plaintiff and not terminating the employment and impeding subsequent employment of similarly situated white co-workers denied him the rights enjoyed by his white counterparts to make and enforce his contract of employment and to have the full and equal benefit of all laws as is enjoyed by white citizens, as described above and to be further proved at trial, because of his race in violation of the Civil Rights Act of 1866, 42 U.S.C.§ 1981.

25.

Mr. Hendrix and other black employees were denied the same opportunities as the white truck drivers. The black employees were not allowed to choose the type of compensation received for their loads, were not allowed to pick their loads, were not allowed to choose schedules that kept them from working nights and weekends and were not provided progressive discipline.

26.

The actions of Defendants were committed intentionally and caused Plaintiff significant financial loss and emotional distress.

27.

As a direct, legal, and proximate result of the Defendants' violations of Plaintiff's legal rights, Plaintiff has been injured in an amount to be proven at trial.

28.

Defendants are liable to Plaintiff for all damages arising from their individual conduct violating Plaintiff's rights

29.

Plaintiff requests that the Court award damages and equitable relief against Defendants and for Plaintiff in an amount to be determined by evidence offered at trial of this matter.

## **DAMAGE TO REPUTATION**

30.

The Plaintiff herein incorporates by reference the allegations as set out in paragraphs 1 through 29 of his complaint.

31.

In terminating Plaintiff, the Defendants have caused Plaintiff to suffer and endure a severe stigma on his personal and professional reputation in the eyes of his colleagues and peers, the general geographical community of which Plaintiff has been regarded heretofore as an outstanding member. Elixir terminated Mr. Hendrix for traffic violations. This termination has a direct effect on Mr. Hendrix's work history and has a direct effect on the type of transportation jobs that Mr. Hendrix will be eligible for in the future.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

32.

The Plaintiff herein incorporates by reference the allegations as set out in paragraphs 1 through 31 of his Complaint.

33.

The actions of the Defendant have inflicted intentional emotional distress upon the Plaintiff.

34.

The Defendant's conduct as set forth herein and above has caused, and continue to cause, Plaintiff emotional trauma that is outrageous and egregious.

The Defendant has intentionally inflicted emotional trauma on Plaintiff by Defendant's willful and intentional conduct through its agents and employees in discriminating against Plaintiff based on his race and wrongfully terminating his employment.

**WHEREFORE, Plaintiff prays for a judgment as follows**:

(a) Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendants from continuing to violate Plaintiff's civil rights;

(b) Issue an order awarding Plaintiff back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate him for the claims described above;

(c) Award Plaintiff front pay, fringe benefits, and other compensation;

(d) Award Plaintiff compensatory, general, and punitive damages

(e) Award Plaintiff the costs of this action, including reasonable attorney's fees, and such other legal and equitable relief as this Court deems just and proper; and

(f) A jury trial to try all issues in this civil action.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

                                                  /s/<u>KARLA WALKER</u>
                                                  /s/ Karla L. Walker
                                                  State Bar No. 732288
                                                  Attorney for Plaintiff

COPELAND, HAUGABROOK & WALKER
P. O. Box 1810
Valdosta, GA 31603-1933
Telephone: (229) 247-4617
 Fax: (229) 242-0109